This is an appeal from a March 16, 1998 judgment entry of the Lucas County Court of Common Pleas in which the court found appellant, Keith Bollinger, guilty of three counts of rape, and an April 6, 1998 judgment entry in which the court sentenced him to three separate terms of ten years in prison, to be served concurrently. Appellant has presented two assignments of error for consideration that are:
"First Assignment of Error
 The trial court erred and abused its discretion by imposing the maximum sentence and failing to consider mitigating factors as mandated by R.C. 2929.12.
"Second Assignment of Error
 The trial court erred in accepting the appellant's guilty plea where such plea was not knowing, intelligent or voluntary."
Before considering the assignments of error, we first review the facts and procedure in this case.
The grand jury sitting in Lucas County, Ohio, filed an indictment against appellant on October 16, 1997, charging him with two counts of felonious sexual penetration and four counts of rape. Appellant initially pleaded not guilty to all of the charges. He subsequently agreed to enter guilty pleas to two counts of rape pursuant to the procedure set forth in North Carolina v. Alford (1970),400 U.S. 25 that permits a defendant to enter a guilty plea while maintaining his innocence, and to enter a regular guilty plea to one count of rape where he admitted he did the act, in exchange for the state agreeing to enter nolle prosequi to the remaining charges. The state also agreed to recommend that any sentences imposed upon appellant by the court be served concurrently.
On March 16, 1998, the trial court accepted appellant's guilty pleas. Based upon statements made by the prosecutor and by appellant, the trial court found appellant guilty on three counts of rape. Appellant's victims were six and eight years old. The trial court then ordered a presentence report and a psychological evaluation of appellant to be prepared.
On April 6, 1998, the trial court held a sentencing hearing to consider evidence relating to what sentence it should impose upon appellant and relating to whether or not appellant should be classified a sexual predator. At the conclusion of the hearing, the trial court imposed the sentencing appellant now challenges on appeal and classified him a sexual predator.
In support of his second assignment of error, appellant argues that his guilty plea and his Alford guilty pleas were not made intelligently, knowingly and voluntarily. He says on the morning of his sentencing hearing he had not received medication he took two times a day. He says he needed the medication because he had problems with seeing and hearing things, and that he told the court about the situation. He admits telling the court that his mind was clear and he could understand the proceedings without the medication, but now says his statements were not "clear or conclusive" that he "would even know whether or not the absence of the medication would cause a problem."
We have carefully reviewed the transcript of the discussion between the trial court and appellant at the time he entered his guilty plea to one count and his Alford guilty pleas to two other counts. The exchange between the trial court and appellant relevant to the question he now raises was as follows:
 "THE COURT: All right. Now, sir, you are over in the county jail. Since you've been there, have you been taking any prescription medication or over-the-counter medication?
 "THE DEFENDANT: Yes, your Honor, I'm taking Depakote and —
"THE COURT: Now, what's that for?
 "THE DEFENDANT: It's for aggression. And I'm taking an antidepressant.
"THE COURT: Do you know the name of it?
 "THE DEFENDANT: All I know it's — and then there's a little red pill I take because I have problems with seeing and hearing things.
 "THE COURT: Now, do you take those — it's three medications?
"THE DEFENDANT: Yes, your Honor.
"THE COURT: Do you take those every day or evening?
 "THE DEFENDANT: Yes, your Honor, I take them twice a day.
"THE COURT: All right. When do you take them?
 "THE DEFENDANT: I take them in the morning, your Honor, and in the evening.
"THE COURT: All right. It's about 9:35 now.
 "THE DEFENDANT: I have not taken them yet this morning.
"THE COURT: When do you normally take them?
"THE DEFENDANT: About 9:30.
 "THE COURT: All right. The fact that you haven't taken them this morning yet, does that cause any problem or difficulty for you?
"THE DEFENDANT: No, your Honor.
 "THE COURT: All right. How long have you been taking that medicine over in the county jail?
"THE DEFENDANT: Since I've been here, your Honor.
 "THE COURT: All right. So that's been for some time so you're — you're indicating since you basically were placed in custody, those medications are things that you're taking?
"THE DEFENDANT: Yes, your Honor.
 "THE COURT: All right. Have you taken any illicit drugs or alcohol while you've been over in the county jail?
"THE DEFENDANT: No, your Honor.
 "THE COURT: Are you telling me you're clearheaded as you stand before the Court?
"THE DEFENDANT: Yes, your Honor."
The court then painstakingly discussed with appellant the charges against him, the rights he would waive by entering his pleas, the penalties that could accompany convictions for the three counts of rape, and the plea form itself.
The record shows the trial court had ample opportunity to observe appellant and that it was satisfied that he was able to knowingly, intelligently and voluntarily enter his pleas. Nothing in the record would lead this court to a conclusion that the trial court was wrong in its assessment. Appellant's second assignment of error is not well-taken.
In support of his first assignment of error, appellant argues that the trial court failed to consider mitigating factors as required by R.C. 2929.12. Appellant says: "Even though the trial court indicates in the record that these factors were considered, the fact that the trial court imposed the maximum sentence seems conclusive that the factors were not considered, but merely noted arbitrarily so as to satisfy the words of the statute [sic] rather than it's [sic] intent." Appellant then discusses several mitigating factors he says the trial court failed to consider, including: a "seriously difficult" childhood that included his mother committing suicide, his making at least nine attempts to commit suicide himself, his being sexually molested by at least two men when he was a child, mental and emotional problems that required hospitalization and treatment from the time he was twelve years old, low intelligence, his expressed remorse for his crimes, and his lack of any history of alcohol or drug abuse.
We are unpersuaded by appellant's assumption that because the trial court imposed the maximum sentence upon him, the trial court did not really consider the mitigating factors he lists. The record shows the trial court did say in its sentencing judgment entry that it had considered the factors listed under R.C. 2929.12. In addition, the transcript from the sentencing hearing shows the trial court made statements showing that it was aware of and considered the weight of all of the mitigating factors appellant now contends were not considered. However, the trial court found that the factors to be considered to establish the seriousness of the crimes were so significant in this case, the maximum sentence was required for the crimes.
The factors listed by the trial court included: the victims were very small children, premeditation by appellant shown by his act of installing a lock on the bedroom door, threats made by appellant to the victims if they revealed his crimes, his methodical, deliberate, unemotional expression of remorse, and the diagnosis resulting from his psychological evaluation that he was a pedophile. The court went on to indicate that it complied with the provisions of R.C.2929.14(C) before it imposed the maximum sentences available because it found that appellant had committed the worst form of rape and that he posed the greatest likelihood of recidivism.
As this court has previously said:
 "The trial court was vested with discretion to impose a sentence above the minimum once it determined that the factors in R.C. 2929.14(B) and R.C. 2929.12 existed in this case. This court will only reverse the trial court's conclusion if the trial court abused its discretion. See State v. Cooks (Dec. 31, 1997), Sandusky App. No. S-97-026, unreported. An abuse of discretion `connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' State v. Adams (1980), 62 Ohio St.2d 151, 157." State v. Allison
(Feb. 5, 1999), Lucas App. No. L-98-1159, unreported.
In this case, we cannot find that the trial court abused its discretion when it imposed maximum sentences for appellant's crimes.
The record shows there was evidence to support all of the factors cited by the trial court as increasing the seriousness of appellant's crimes, and to support its conclusion that the shortest prison term possible would demean the seriousness of the offense and would not adequately protect the public. Finally, we cannot say that the trial court abused its discretion when it decided that the factors increasing the seriousness of the crimes so outweighed the mitigating factors cited by appellant, that the maximum sentence should be imposed.
Appellant's first assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
 State v. Bollinger L-98-1155
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J._____ _______________________________ JUDGE
Richard W. Knepper, J.______ _______________________________ JUDGE
Mark L. Pietrykowski, J.____ _______________________________ JUDGE CONCUR.